HANNAH FOOT *vs.* CALVIN MARTIN & another, Administrators.

Where the maker of a promissory note is sued thereon by the payee, and has a demand against a third person, which the payee was not originally bound to pay, such demand cannot be set off against the note in consequence of the payee's having made a valid engagement that the maker shall receive such demand out of the payee's estate after his decease.

ASSUMPSIT on two promissory notes given by Henry C. Brown, the defendants' intestate. The defendants, at this term, moved for leave to file, in set-off, an account for board, clothing and schooling of Abby B. Sutton and Edward A. Sutton. To sustain this motion, the defendants exhibited a sealed instrument, executed by the plaintiff, in August, 1833, reciting that Brown, the intestate had, from time to time, advanced money for the education and support of her grandchildren, Abby B. and Edward A. Sutton, and authorizing and empowering said Brown, or his heirs, executors or administrators, to have and receive out of her estate, after her decease, all such sums as he had already advanced, and also all other sums for their support, for all which she desired that he should be amply paid. The plaintiff, by said instrument, also authorized and directed the intestate to advance $1200 to Abby B. Sutton, when she should be married, and stipulated that the said sum should be indorsed on, or deducted from, notes which the plaintiff held against him.

*Rockwell,* for the defendants.

*D. N. Dewey* and *E. H. Kellogg,* for the plaintiff.

SHAW, C. J. Without considering the objection, that this motion is not seasonably made, the court are of opinion that the

proposed set-off, if filed, could not be maintained. It does not appear that Mrs. Foot was debtor for the expenses incurred in support of her grandchildren. She entered into a special engagement that those expenses should be paid out of her estate, after her decease ; but this creates no obligation to pay them during her life. Besides, the stipulation that, in case Mr. Brown should advance $ 1200, on a particular contingency, to one of them, it should be deducted out of notes held by the plaintiff against him, carries with it a strong implication, that the other advances made by him were not to be so deducted. To allow then, by way of set-off, a deduction from those notes, would be manifestly against the intentions of the parties.

*Motion overruled.*